

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7606
E-Mail: cgegwich@nixonpeabody.com

January 25, 2008

**VIA ECF**

Honorable A. Kathleen Tomlinson, U.S.M.J.
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722-9014

RE:   **Ireh v. Nassau University Medical Center et al., 06 Civ. 0009 (LDW) (AKT)**

Dear Magistrate Judge Tomlinson:

This firm represents Defendants Nassau University Medical Center ("NUMC") and Nassau Health Care Corporation ("NHCC") (collectively "Defendants") in the above-referenced matter. We write in response to Plaintiff's January 22, 2008 letter motion seeking to quash a subpoena served on non-party Hospital of Saint Raphael. Plaintiff argues, in entirely conclusory fashion, that Defendants' subpoena seeks irrelevant, privileged, duplicative and prejudicial material, yet he fails to articulate any specific reasons why the information sought by Defendants is not discoverable, material and relevant to the defense of Plaintiff's claims in this action. For all the reasons set forth herein, Plaintiff's motion to quash should be denied.

On or about December 18, 2007, Defendants served on Plaintiff's counsel, by facsimile and regular mail, a Notice of Subpoena indicating that a subpoena seeking personnel, employment and academic records would be served on non-party Hospital of Saint Raphael on December 28, 2007. (Exhibit "A"). Receiving no response from Plaintiff or a motion to quash, on December 28, 2007, Defendants served the aforementioned subpoena, setting a January 11, 2008 return date. (Exhibit "B"). After being contacted by Janeanne Lubin-Szafranski, Esq., Hospital of Saint Raphael's Vice President and General Counsel, an identical subpoena was served on January 4, 2008, indicating Ms. Lubin-Szafranski as the custodian of records. (Exhibit "C"). The Hospital of Saint Raphael voluntarily accepted service of the subpoena, did not object or raise any issues to the documents sought therein and was prepared to produce responsive documents when served with the instant motion.

**Plaintiff's Motion to Quash is Untimely**

Federal Rule of Civil Procedure ("FRCP") 45(c)(3) requires motions to quash or modify a subpoena be "timely". In general, courts have interpreted "timely" to mean within the time set in the subpoena for compliance. See Innomed Labs, LLC v. Aha Corp., 2002 U.S. Dist. LEXIS 22194, at *9 (S.D.N.Y. Nov. 15, 2002) ("Although Rule 45(c)(3)(A)(iv) requires that the motion to quash be timely without defining what 'timely' is, it is reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition."); Nova Biomedical Corp. v. i-STAT Corp., 1998 U.S. Dist. LEXIS 14638, at *11 (S.D.N.Y. Sept. 17, 1998) ("[S]ervice anytime

Honorable A. Kathleen Tomlinson, U.S.M.J.
January 25, 2008
Page 2

before the subpoenas' return date should be considered timely."); see also 9 Moore's Federal Practice § 45.50 (Supp. 2003) (motion to quash must precede return date). Plaintiff has been aware of Defendants' subpoena since December 18, 2007 (Exhibit "A"), but failed to interpose the instant motion to quash until **11 days** after the January 11, 2008 return date of the subpoena. (Exhibits "B" & "C"). Plaintiff's motion to quash is, therefore, untimely and should be denied.

**The Documents Sought By Defendants' Subpoena are Not Privileged and**
**Are Material and Relevant to Their Defense of This Action**

The FRCP allow parties to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." FRCP 26(b)(1). As the documents sought by Defendants' subpoena are not privileged and are material and relevant to this action, Plaintiff's motion to quash should be denied.

Plaintiff, in conclusory fashion, asserts that the employment and academic documents sought by the subpoena are privileged, but fails to identify any recognized statutory or common law privilege that would prevent the disclosure of such materials. Indeed, the Hospital of Saint Raphael has not moved to quash Defendants' subpoena, nor has it claimed that any of the documents sought in Defendants' subpoena are confidential, much less privileged. Absent an identified or recognized privilege, Plaintiff lacks standing to oppose Defendants' subpoena and his motion to quash should be denied. See ADL, LLC v. Tirakian, 2007 U.S. Dist. LEXIS 46198, at *6-7 (E.D.N.Y. June 26, 2007) ("In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed at a non-party witness."); Fox Indus., Inc. v. Gurovich, 2006 U.S. Dist. LEXIS 73035, at *34 (E.D.N.Y. Oct. 6, 2006) (same).

Even if privileged, the records sought by Defendants are material and relevant and, therefore, discoverable in this action. Dr. Ireh joined NUMC on July 1, 2004 as a fourth year surgical resident but, due to his poor academic and clinical performance, he was not promoted to a fifth-year position. Dr. Ireh claims NUMC's failure to promote him was discriminatory. Prior to coming to NUMC, Dr. Ireh attended the Morehouse School of Medicine (1st and 2nd years) and the Hospital of Saint Raphael (3rd year) for the first three years of his surgical residency. If Dr. Ireh's academic and clinical performance at his prior residencies was poor, such information would support NUMC's position that its decision not to advance him to a fifth-year position was for legitimate, business-related reasons, and not discrimination. As evidenced in employment applications Dr. Ireh completed subsequent to his departure from NUMC, his "reason for leaving" the Hospital of Saint Raphael was because he had "no contract" – the exact same reason he indicated for his departure from NUMC. (Exhibit "D"). Under these circumstances, there is more than adequate reason to believe that Plaintiff's personnel, employment and academic records from the Hospital of Saint Raphael contain information and documentation that is material and relevant to the defense of this matter, to wit, documents and information showing that Dr. Ireh had academic and clinical performance problems in the past. As Plaintiff's prior employment records

Honorable A. Kathleen Tomlinson, U.S.M.J.
January 25, 2008
Page 3

are material, relevant and discoverable, his motion to quash should be denied.  See Badr v. Liberty Mutual Group., 2007 U.S. Dist. LEXIS 73437, at *5-8 (D. Conn. Sept. 28, 2007) (denying plaintiff's motion to quash subpoena for prior employment records);  Davenport v. Indiana Masonic Home Found., 2003 U.S. Dist. LEXIS 6350, at *7-10 (S.D. Ind. Mar. 27, 2003) (denying plaintiff's motion to quash subpoena for prior employment records finding "that all of the information sought is discoverable under the broad discovery scheme contemplated by Rule 26").

**Plaintiff's Remaining Arguments Are Entirely Without Merit**

Plaintiff further asserts that Defendants' subpoena should be quashed because (1) the subpoena was issued without the Court's permission, (2) the information sought in the subpoena was not requested in Defendants' document request, and (3) the subpoena requires the disclosure of an un-retained expert's opinion.  None of these arguments have any substantive basis or any bearing whatsoever to the instant motion to quash.

Initially, court approval is not required to issue a non-party subpoena during the regular course of discovery.  See FRCP 45(a)(3)(A);  Calabro v. Stone, 2004 U.S. Dist. LEXIS 26280, at *1-2 (E.D.N.Y. Oct. 7, 2004) (an attorney may issue a subpoena for a court in a district in which a document production is compelled by the subpoena);  9 Moore's Federal Practice, § 41.11[3] (Supp. 2003) ("As long as the attorney is authorized to practice in the court where the action is pending, the attorney may issue and sign a deposition or production subpoena to be enforced in any district in the United States.").  Moreover, Plaintiff has not identified, nor can he, any basis to assert that Defendants are precluded from seeking documents and information from a non-party merely because the same information was not previously sought in a document request.  Finally, Defendants' subpoena does not seek the "opinion of an un-retained expert."[1]

For all of the foregoing reasons, Plaintiff's motion to quash should be denied in its entirety.

Respectfully submitted,

/S/

Christopher G. Gegwich (CG-3933)

cc:     Gregory G. Smith, Esq. (via ECF)

---

[1]     Plaintiff's argument further fails because FRCP 45(c)(3)(B)(ii) functions to protect the subject of the subpoena, not an adverse party.  See Castaldi v. Land Rover North America, Inc., 2007 U.S. Dist. LEXIS 85809, at *11-12 (E.D.N.Y. Nov. 21, 2007).

NIXON PEABODY LLP

# EXHIBIT A



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Christopher Gegwich
Direct Dial: (516) 832-7606
E-Mail: cgegwich@nixonpeabody.com

December 18, 2007

**VIA FACSIMILE AND REGULAR MAIL**

Gregory G. Smith, Esq.
Gregory G. Smith & Associates
225 Broadway, Suite 3901
New York, New York 10007

RE:   **Ireh v. Nassau University Medical Center, et al.,**
**06 Civ. 0009 (LDW) (AKT)**

Dear Mr. Smith:

Enclosed please find two Notices of Subpoena for the Morehouse School of Medicine and the Hospital of Saint Raphael in connection with the above-referenced matter.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Christopher G. Gegwich

Enclosures

cc:   Daphne Vlcek
Law Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.,

Plaintiff,

- vs -

NASSAU UNIVERSITY MEDICAL CENTER
and NASSAU HEALTH CARE CORPORATION,

Defendants.

**NOTICE OF
SUBPOENA**

06 Civ. 0009

(LDW) (AKT)

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants Nassau University Medical Center and Nassau Health Care Corporation,

through their counsel, Nixon Peabody LLP, intend to serve the annexed Subpoena for the

production of documents on non-party Morehouse School of Medicine, 720 Westview Drive,

S.W., Atlanta, Georgia 30310, on December 28, 2007.

Dated: December 18, 2007
        Jericho, New York

**NIXON PEABODY LLP**

By: _____
        Christopher G. Gegwich (CG-3933)

50 Jericho Quadrangle, Suite 300
Jericho, New York   11753
(516) 832-7500
cgegwich@nixonpeabody.com

*Attorneys for Defendants*

10845309.1

## CERTIFICATE OF SERVICE

This is to certify that on December 18, 2007, I caused a copy of Defendants' Notice of

Subpoena, in the matter captioned as <u>Ireh v. Nassau University Medical Center, et al.</u>, 06 Civ.

0009 (LDW) (AKT), to be served by facsimile and regular mail on plaintiff as follows:

> Gregory G. Smith, Esq.
> Gregory G. Smith & Associates
> 225 Broadway, Suite 3901
> New York, New York 10007
> Fax:   (212) 267-2048

> Christopher G. Gegwich (CG 3933)

Dated:  December 18, 2007

Issued by the

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: 06 Civ. 0009

TO:     Felicia Tucker-Lively
        Program Director, Surgery
        Morehouse School of Medicine
        720 Westview Drive, S.W.
        Atlanta, Georgia 30310

☐     YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit "A".**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>50 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn:  Christopher G. Gegwich, Esq. | January 11, 2008 at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | December 28, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Christopher G. Gegwich (CG-3933)<br>Nixon Peabody LLP, Attorneys for Defendants<br>50 Jericho Quadrangle, Suite 300, Jericho, New York 11753<br>Telephone: (516) 832-7500 |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

10815916.1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                                              SIGNATURE OF SERVER

                                              ADDRESS OF SERVER

## Rule 45,  Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held.

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B)  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C)  A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D)  A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limit provided by clause (ii) of subparagraph (c)(3)(A).

10815916.1

## EXHIBIT A
## Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh, M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file, academic file, and departmental file, as well as any documents concerning his application for employment and/or appointment as an academic resident, job duties and responsibilities, changes in position, transfers, promotions, compensation, benefits, attendance history, performance history (including performance and academic evaluations), discipline history, and allegations and/or complaints of discrimination and/or harassment, if any.

## Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, booklet, e-mail, periodical, written description, account, photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice communication, diary, chart, index sheet, computer software, computer diskette, check, check stub, delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone message form books or summary of any telephone or other conversations, of any interview, or of any conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic matter, or any audio or video recordings; or any other data compilation from which information can be obtained, translated, transmitted or transcribed.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.,

<table>
<tr><td></td><td>Plaintiff,</td></tr>
</table>

- vs -

NASSAU UNIVERSITY MEDICAL CENTER
and NASSAU HEALTH CARE CORPORATION,

Defendants.

**NOTICE OF
SUBPOENA**

06 Civ. 0009

(LDW) (AKT)

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, defendants Nassau University Medical Center and Nassau Health Care Corporation,

through their counsel, Nixon Peabody LLP, intend to serve the annexed Subpoena for the

production of documents on non-party Hospital of Saint Raphael, 1450 Chapel Street, New

Haven, Connecticut 06511, on December 28, 2007.

Dated: December 18, 2007
       Jericho, New York

NIXON PEABODY LLP

By: _____
    Christopher G. Gegwich (CG-3933)

50 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(516) 832-7500
cgegwich@nixonpeabody.com

*Attorneys for Defendants*

10845336.1

## CERTIFICATE OF SERVICE

This is to certify that on December 18, 2007, I caused a copy of Defendants' Notice of

Subpoena, in the matter captioned as <u>Ireh v. Nassau University Medical Center, et al.</u>, 06 Civ.

0009 (LDW) (AKT), to be served by facsimile and regular mail on plaintiff as follows:

> Gregory G. Smith, Esq.
> Gregory G. Smith & Associates
> 225 Broadway, Suite 3901
> New York, New York 10007
> Fax:    (212) 267-2048

_____
Christopher G. Gegwich (CG 3933)

Dated:  December 18, 2007

Issued by the

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**
Case Number: 06 Civ. 0009

TO:   Barbara Dahl
      Office of Medical Staff
      Hospital of Saint Raphael
      1450 Chapel Street
      New Haven, Connecticut 06511

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit "A".**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>50 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Christopher G. Gegwich, Esq. | January 11, 2008 at 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | December 28, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher G. Gegwich (CG-3933)
Nixon Peabody LLP, Attorneys for Defendants
50 Jericho Quadrangle, Suite 300, Jericho, New York 11753
Telephone: (516) 832-7500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

10815935.1

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45,  Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i)  fails to allow reasonable time for compliance;
      (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden.
   (B)  If a subpoena
      (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d)    DUTIES IN RESPONDING TO SUBPOENA.
   (1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (B)  If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
   (C)  A person responding to a subpoena need not produce the same electronically stored information in more than one form.
   (D)  A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.
   (2) (A)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
   (B)  If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.
   (e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limit provided by clause (ii) of subparagraph (c)(3)(A).

10815935.1

## EXHIBIT A
### Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh, M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file, academic file, and departmental file, as well as any documents concerning his application for employment and/or appointment as an academic resident, job duties and responsibilities, changes in position, transfers, promotions, compensation, benefits, attendance history, performance history (including performance and academic evaluations), discipline history, and allegations and/or complaints of discrimination and/or harassment, if any.

### Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, booklet, e-mail, periodical, written description, account, photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice communication, diary, chart, index sheet, computer software, computer diskette, check, check stub, delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone message form books or summary of any telephone or other conversations, of any interview, or of any conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic matter, or any audio or video recordings; or any other data compilation from which information can be obtained, translated, transmitted or transcribed.

# NIXON PEABODY LLP

Attorneys at Law

50 Jericho Quadrangle
Suite 300
Jericho, New York 11753-2728
(516) 832-7500

Fax: (516) 832-7555

**PRIVILEGE AND CONFIDENTIALITY NOTICE**
The information in this fax is intended for the named recipients only. It contains privileged and confidential matter. If you have received this fax in error, please notify us immediately by a collect telephone call to (516) 832-7500 and return the original to the sender by mail. We will reimburse you for postage. Do not disclose the contents to anyone. Thank you.

# FAX

| To: | Company: | Fax #: | Telephone #: |
|---|---|---|---|
| 1) Gregory G. Smith, Esq. | | (212) 267-2048 | |
| 2) | | | |
| 3) | | | |
| 4) | | | |
| 5) | | | |

INTERNATIONAL PHONE NUMBERS MUST INCLUDE COUNTRY & CITY CODE. SEE LOCAL WHITE PAGES FOR CODES NEEDED.

| **From:** Christopher G. Gegwich | **Date:** December 18, 2007 | **No. of Pages:** 12 (including this page) | 070478/070021 |
|---|---|---|---|
| **Comments:** | | | |

Original of the transmitted document will be sent by:

o First Class Mail      o Overnight Mail      o Hand Delivery      o This transmission will be the only form of delivery of this document

**IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT THE FAX ADMINISTRATOR AS SOON AS POSSIBLE AT: (516) 832-7500. THANK YOU.**

CONFIRMATION: DATE SENT _____ TIME _____ BY _____

10744025.1

# Transmission Report

| | | |
|---|---|---|
| Date/Time | 12-18-2007 | 05:33:30 p.m. |
| Local ID 1 | 1 516 832 7555 | |
| Local ID 2 | | |

| | |
|---|---|
| Transmit Header Text | |
| Local Name 1 | NIXON PEABODY LLP |
| Local Name 2 | |

## This document : Confirmed

## (reduced sample and details below)

## Document size : 8.5"x11"

### NIXON PEABODY LLP

Attorneys at Law

50 Jericho Quadrangle
Suite 300
Jericho, New York 11753-2728
(516) 832-7500

Fax: (516) 832-7555

**PRIVILEGE AND CONFIDENTIALITY NOTICE**
The information in this fax is intended for the named recipients only. It contains privileged and confidential matter. If you have received this fax in error, please notify us immediately by a collect telephone call to (516) 832-7500 and return the original to the sender by mail. We will reimburse you for postage. Do not disclose the contents to anyone. Thank you.

## FAX

| To: | Company: | Fax #: | Telephone #: |
|---|---|---|---|
| 1) Gregory G. Smith, Esq. | | (212) 267-2048 | |
| 2) | | | |
| 3) | | | |
| 4) | | | |
| 5) | | | |

INTERNATIONAL PHONE NUMBERS MUST INCLUDE COUNTRY & CITY CODE. SEE LOCAL WHITE PAGES FOR CODES NEEDED.

| From: Christopher G. Gegwich | Date: December 18, 2007 | No. of Pages: 12 (including this page) | 070478/070021 |
|---|---|---|---|

Comments:

Original of the transmitted document will be sent by:

o First Class Mail    o Overnight Mail    o Hand Delivery    o This transmission will be the only form of delivery of this document

**IF YOU DO NOT RECEIVE ALL OF THESE PAGES, PLEASE CONTACT THE FAX ADMINISTRATOR AS SOON AS POSSIBLE AT: (516) 832-7500. THANK YOU.**

CONFIRMATION: DATE SENT _____ TIME _____ BY _____

10744025.1

---

Total Pages Scanned : 12          Total Pages Confirmed : 12

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 650 | (212)267-2048 | 05:25:44 p.m. 12-18-2007 | 00:06:52 | 12/12 | 1 | EC | HS | CP9600 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU: Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3: Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

# EXHIBIT B



## NIXON PEABODY LLP

### A T T O R N E Y S   A T   L A W

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7606
E-Mail: cgegwich@nixonpeabody.com

December 31, 2007

Gregory G. Smith, Esq.
Gregory G. Smith & Associates
225 Broadway, Suite 3901
New York, New York 10007

RE:   **Ireh v. Nassau University Medical Center, et al.,**
      **06 Civ. 0009 (LDW) (AKT)**

Dear Mr. Smith:

Enclosed please find copes of subpoenas that were recently served on the Morehouse School of Medicine and the Hospital of Saint Raphael in connection with the above-referenced matter.

As set forth in my letters of September 17, 2007 and November 5, 2007, Rule 33(b)(2) of the Federal Rules of Civil Procedure requires that the "answers [to the interrogatories] are to be signed by the person making them." As Plaintiff's Interrogatory Response did not include a verification from your client, kindly forward one to my attention at your earliest convenience.

Should you have any questions or wish to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

Christopher G. Gegwich

Enclosures

cc:   Amy L. Ventry, Esq.
      Daphne Vlcek, Esq.

10855834.1

Issued by the

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: 06 Civ. 0009

TO:   Barbara Dahl
Office of Medical Staff
Hospital of Saint Raphael
1450 Chapel Street
New Haven, Connecticut 06511

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Exhibit "A".**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>50 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Christopher G. Gegwich, Esq. | January 11, 2008 at 10:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | December 28, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher G. Gegwich (CG-3933)
Nixon Peabody LLP, Attorneys for Defendants
50 Jericho Quadrangle, Suite 300, Jericho, New York 11753
Telephone: (516) 832-7500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

10815935.1

## EXHIBIT A
## Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh,

M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file,

academic file, and departmental file, as well as any documents concerning his application for

employment and/or appointment as an academic resident, job duties and responsibilities, changes in

position, transfers, promotions, compensation, benefits, attendance history, performance history

(including performance and academic evaluations), discipline history, and allegations and/or

complaints of discrimination and/or harassment, if any.

## Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or

recorded matter, however produced or reproduced, of any kind or description, whether or not sent or

received, and all copies thereof that are different in any way from the original (whether by

interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including,

without limitation, any paper, book, booklet, e-mail, periodical, written description, account,

photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release,

circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion,

investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal

entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice

communication, diary, chart, index sheet, computer software, computer diskette, check, check stub,

delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone

message form books or summary of any telephone or other conversations, of any interview, or of any

conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic

matter, or any audio or video recordings; or any other data compilation from which information can

be obtained, translated, transmitted or transcribed.

**Issued by the**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: 06 Civ. 0009

TO:  Felicia Tucker-Lively
     Program Director, Surgery
     Morehouse School of Medicine
     720 Westview Drive, S.W.
     Atlanta, Georgia 30310

☐     YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Exhibit "A".**

| PLACE | DATE AND TIME |
|---|---|
| Nixon Peabody LLP<br>50 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn:  Christopher G. Gegwich, Esq. | January 11, 2008 at 10:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>December 28, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher G. Gegwich (CG-3933)
Nixon Peabody LLP, Attorneys for Defendants
50 Jericho Quadrangle, Suite 300, Jericho, New York 11753
Telephone: (516) 832-7500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

10815916.1

## EXHIBIT A
## Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh, M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file, academic file, and departmental file, as well as any documents concerning his application for employment and/or appointment as an academic resident, job duties and responsibilities, changes in position, transfers, promotions, compensation, benefits, attendance history, performance history (including performance and academic evaluations), discipline history, and allegations and/or complaints of discrimination and/or harassment, if any.

## Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, booklet, e-mail, periodical, written description, account, photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice communication, diary, chart, index sheet, computer software, computer diskette, check, check stub, delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone message form books or summary of any telephone or other conversations, of any interview, or of any conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic matter, or any audio or video recordings; or any other data compilation from which information can be obtained, translated, transmitted or transcribed.

10815890.1

# EXHIBIT C



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555
Direct Dial: (516) 832-7606
E-Mail: cgegwich@nixonpeabody.com

January 8, 2008

Gregory G. Smith, Esq.
Gregory G. Smith & Associates
225 Broadway, Suite 3901
New York, New York 10007

RE:   **Ireh v. Nassau University Medical Center, et al.,**
      **06 Civ. 0009 (LDW) (AKT)**

Dear Mr. Smith:

Enclosed please find copies of subpoenas that were recently served on the Morehouse School of Medicine and the Hospital of Saint Raphael in connection with the above-referenced matter.

Should you have any questions or wish to discuss this matter further, please do not hesitate to contact me.

Very truly yours,

Christopher G. Gegwich

Enclosures

cc:   Amy L. Ventry, Esq.
      Daphne Vlcek, Esq.

Issued by the

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: 06 Civ. 0009

TO:   Nicole Miller, Esq.
      Associate General Counsel
      Morehouse School of Medicine
      720 Westview Drive, S.W.
      Atlanta, Georgia 30310

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Exhibit "A".**

| PLACE<br>U.S. District Court, Northern District of Georgia - Atlanta Division<br>Richard B. Russell Federal Building and Courthouse<br>75 Spring Street SW, Room 2211<br>Atlanta, Georgia 30303 | DATE AND TIME<br><br>January 31, 2008 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br><br>January 7, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher G. Gegwich (CG-3933)
Nixon Peabody LLP, Attorneys for Defendants
50 Jericho Quadrangle, Suite 300, Jericho, New York 11753
Telephone: (516) 832-7500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

10815916.1

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

10815916.1

## EXHIBIT A
### Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh, M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file, academic file, and departmental file, as well as any documents concerning his application for employment and/or appointment as an academic resident, job duties and responsibilities, changes in position, transfers, promotions, compensation, benefits, attendance history, performance history (including performance and academic evaluations), discipline history, and allegations and/or complaints of discrimination and/or harassment, if any.

### Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether or not sent or received, and all copies thereof that are different in any way from the original (whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including, without limitation, any paper, book, booklet, e-mail, periodical, written description, account, photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion, investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice communication, diary, chart, index sheet, computer software, computer diskette, check, check stub, delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone message form books or summary of any telephone or other conversations, of any interview, or of any conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic matter, or any audio or video recordings; or any other data compilation from which information can be obtained, translated, transmitted or transcribed.

108158951

Issued by the

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.

v.

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number: 06 Civ. 0009

TO:   Janeanne Lubin-Szafranski, Esq.
      Vice President and General Counsel
      Hospital of Saint Raphael
      1450 Chapel Street
      New Haven, Connecticut 06511

☐     YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case, which shall be recorded by a stenographer and/or by audio or video.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See attached Exhibit "A".**

| PLACE<br>Nixon Peabody LLP<br>50 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Attn: Christopher G. Gegwich, Esq. | DATE AND TIME<br><br>January 11, 2008 at 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>January 4, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher G. Gegwich (CG-3933)
Nixon Peabody LLP, Attorneys for Defendants
50 Jericho Quadrangle, Suite 300, Jericho, New York 11753
Telephone: (516) 832-7500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45,  Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iv) subjects a person to undue burden.

(B)  If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limit provided by clause (ii) of subparagraph (c)(3)(A).

10815935.1

## EXHIBIT A
## Documents to be Produced

All documents in your possession concerning the employment of plaintiff Ugo Alexis Ireh,

M.D. (SSN 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) ("Dr. Ireh"), including, but not limited to, Dr. Ireh's personnel file,

academic file, and departmental file, as well as any documents concerning his application for

employment and/or appointment as an academic resident, job duties and responsibilities, changes in

position, transfers, promotions, compensation, benefits, attendance history, performance history

(including performance and academic evaluations), discipline history, and allegations and/or

complaints of discrimination and/or harassment, if any.

## Definition of "Documents"

The term "documents" shall mean the original and all drafts of all written, graphic or

recorded matter, however produced or reproduced, of any kind or description, whether or not sent or

received, and all copies thereof that are different in any way from the original (whether by

interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise), including,

without limitation, any paper, book, booklet, e-mail, periodical, written description, account,

photograph, blue print, drawing, sketch, schematic, agreement, contract, memorandum, press release,

circular, advertising material, correspondence, letter, telegram, telex, object, report, opinion,

investigation, record, transcription, hearing, meeting, study, note, notation, memo book entry, journal

entry, diary entry, board minutes, board resolution, working paper, summary, intraoffice

communication, diary, chart, index sheet, computer software, computer diskette, check, check stub,

delivery ticket, bill of lading, invoice, records or recording, telephone message pad, telephone

message form books or summary of any telephone or other conversations, of any interview, or of any

conference, or of any written, recorded, transcribed, punched, taped, videotaped, filmed or graphic

matter, or any audio or video recordings; or any other data compilation from which information can

be obtained, translated, transmitted or transcribed.

10815890.1

# EXHIBIT D

# APPLICATION
## ST. JOHN'S RIVERSIDE HOSPITAL ANDRUS PAVILION/PARK CARE /MICHAEL N. MALOTZ NURSING PAVILION
## COMMUNITY HOSPITAL AT DOBBS FERRY

PLEASE PRINT ALL INFORMATION:                                                                      Date: **8/30/05**

As equal opportunity employers St. John's Hospital /Michael Malotz Skilled Nursing Pavilion / Community Hospital at Dobbs Ferry does not discriminate with regard to hiring or terms of employment on the basis of race, creed, color, national origin, sex, marital status, age, sexual orientation, or citizenship.

Applicants will be provided with any assistance or special accommodation, in preparing this form, or in participation in any aspect of the hiring process. Please communicate your need to a Human Resources representative.

NAME : **IREH**          **UGO**          **A.**
　　　　　LAST          FIRST          MIDDLE INITIAL

ADDRESS: **200   CARMAN   AVENUE   # 7B**
　　　　　STREET

**EAST   MEADOW**          **NY**          **11554**
CITY          STATE          ZIP CODE

**Ugoireh @ gmail .com**
E-MAIL ADDRESS

TELEPHONE NO: **(516) 794 - 2792**   S.S. # **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**   ARE YOU 18 YRS OR OLDER ? **YES**

DO YOU HAVE THE LEGAL RIGHT TO WORK IN THE UNITED STATES? **YES**   PROOF OF YOUR RIGHT TO WORK IN THE U.S. WILL BE REQUIRED WITHIN THREE (3) DAYS OF HIRE IF A JOB OFFER IS MADE.

HAVE YOU EVER BEEN CONVICTED OF A CRIME, EXCLUDING MINOR TRAFFIC OFFENSES ? YES: _____   NO: **✓**
IF YES, EXPLAIN: _____
A CONVICTION WILL NOT NECESSARILY DISQUALIFY YOU FROM EMPLOYMENT.

WERE YOU FORMERLY EMPLOYED AT ANY OF THE ABOVE HOSPITALS ? YES: _____  (NO:) IF SO, WHICH ?

DATES OF EMPLOYMENT: _____   UNDER WHAT NAME: _____

DO YOU HAVE RELATIVES IN OUR EMPLOY ? YES: _____  (NO:)   IF SO, LIST NAMES: _____

HOW DID YOU HEAR ABOUT THE POSITION ? CURRENT EMPLOYEE: _____
NEWSPAPER? _____ WHICH NEWSPAPER? _____
OTHER SOURCE? **✓**   EXPLAIN: **MED -CAL**

WILL YOU BE ABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB FOR WHICH YOU APPLIED WITH OR WITHOUT REASONABLE ACCOMMODATION? (YES:)   NO: _____

POSITION DESIRED: **HOUSE PHYSICIAN**          SALARY REQUIREMENTS: **$70.00 /HR**

OTHER POSITION: _____

SHIFT PREFERRED: _____   OTHER: _____
REGULAR: _____   FULL TIME: _____
TEMPORARY: _____   PART TIME: _____

RECORD OF EDUCATION:

| LEVEL | NAME | LOCATION | COURSE/DEGREE | GRAD YES/NO |
|---|---|---|---|---|
| HIGH SCHOOL | NATIONAL GRAMMER SCH. NIKE | ENUGU-NIGERIA | GCE | YES |
| COLLEGE | GEORGIA ST. UNIVERSITY | ATLANTA, GA | B.S | YES |
| GRADUATE OR (1) OTHER SCHOOL (2) | MOREHOUSE SCH. MEDICINE | ATLANTA, GA | M.D | YES |

LIST ANY OTHER EDUCATION OR TRAINING: _____

LIST BELOW, ALL LICENSES AND PERMITS THAT PERTAIN TO THIS APPLICATION FOR EMPLOYMENT:

| TYPE OF LICENSE OR PERMIT | STATE ISSUED | NUMBER | EXPIRATION DATE |
|---|---|---|---|
| MEDICAL | NY | 232214 | 11/06 |
| MEDICAL | GA | 055851 | 12/05 |

Are you currently under investigation for or have you been convicted of any abuse, neglect, or mistreatment in a residential health care facility, nursing home, hospital, home care, or any other health care provider setting?
_____ YES     NO

If yes, explain:
_____
_____
_____

EMPLOYMENT HISTORY: (LIST INDICATING LAST EMPLOYMENT DATE FIRST)

| DATE FROM TO | EMPLOYER NAME OF SUPV. | ADDRESS & TELEPHONE | POSITION AND/OR CLINICAL AREA | SALARY | REASON FOR LEAVING |
|---|---|---|---|---|---|
| 7/2004 - 6/05 | NASSUA UNIVERSITY MED. CENTER 2201 HEMPSTEAD TPK 5165726703 EAST MEADOW, NY 11554 - Dr. ANGUS | | SURGICAL RESIDENT | $48K | NO CONTRACT |
| 7/2003 - 6/04 | QUEENS HOSPITAL CENTER JAMAICA, NY - DR. MOREL 718 883 4640 | | SURGICAL HOUSE STAFF | $55K | RESIDENCY |
| 7/2002 - 6/2003 | HOSPITAL OF ST. RAPHAEL, 1450 CHAPEL ST, NEW HAVEN, CT | | RESIDENT | $45K | NO CONTRACT |

I understand that should I accept employment with St. John's Riverside Hospital / Michael N. Malotz Skilled Nursing Pavilio/Community Hospital at Dobbs Ferry falsification or omission of any information called for on this application form may cause immediate discharge. I further realize that if an offer of employment is given, employment is conditional upon the successful completion of a physical examination, satisfactory references and completion of the hospital-wide orientation program within the first two months of employment.

SIGNATURE OF APPLICANT: _Uyvatrelims_          DATE: 8/30/05

| FOR HUMAN RESOURCE USE ONLY |
|---|

REFERENCES:

| NAME OF COMPANY AND SUPERVISOR | PHONE / MAIL | DATE | REMARKS |
|---|---|---|---|
| Nassua Universit | m/l | | |
| Queens Hospital | mail | | |
| Hospital of St. Raphael | m/l | | |

ST. JOHN'S RIVERSIDE HOSPITAL
ANDRUS PAVILION
967 NO. BROADWAY
YONKERS, NY 10701
PHONE: (914) 964-4444
FAX: (914) 964-4896

ST. JOHN'S RIVERSIDE HOSPITAL
PARK CARE PAVILION
2 PARK AVENUE
YONKERS, NY 10703
PHONE: (914) 964-7300

MICHAEL N. MALOTZ SKILLED NURSING
PAVILION
120 ODELL AVENUE
YONKERS, NY 10701
PHONE: (914)964-3333

COMMUNITY HOSPITAL AT DOBBS FERRRY
128 ASHFORD AVENUE
DOBBS FERRY, NY 10522
PHONE; (914)-693-0700

MSWORD:APPLICATION;REV:6/9/04

SJR 0003



# Saint Joseph's Medical Center

## APPLICATION FOR EMPLOYMENT

### SAINT JOSEPH'S MEDICAL CENTER
### 127 SOUTH BROADWAY
### YONKERS, NY 10701

An equal opportunity employer. The Medical Center does not discriminate with regard to hiring or terms of employment on the basis of race, creed color, national origin, sex, martial status, disability or age.

Name _IREH_____ _UGO_____ _A_____  Date _9/1/05_

    Last          First         Middle

Address _200 CARMAN AVE. #7B, EAST MEADOW, NY 11554_

    Number    Street      City      State      Zip Code

Telephone No. _(516) 794-2792_     Lived at address, how long? _2 YEARS_

Social Security No. _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_     Are you over the age of _38_

Are you a U.S. Citizen _YES_     If not, Type of Visa _____     Reg.# _____

Have you ever been convicted of a crime, excluding minor traffic offenses? _NO_

If yes, explain _N/A_

Position Desired _HOUSE OFFICER_     Salary Requirement _$70/HR_

Other Position _____     Permanent _____ Full Time _____

Shift Preferred _VARIES_     Other _____     Temporary _____ Part Time _____

Are you able to work weekends? _YES_     If Part Time days available? _____

Referred by: _MEDI-CAL_     If Temporary, how long? _____

Have you previously applied for a position at St. Joseph's Hospital or St. Joseph's Nursing Home? _NO_

Have you been previously employed by St. Joseph's Hospital or Nursing Home? _NO_

If previously employed, state when and in what capacity. From _N/A_     To _____

Position and/or Title _N/A_

Reason for leaving _N/A_

U.S. Military Service Record: _NONE_

Branch _____     Date Entered _____     Date of Discharged _____

Service School _____     Type of Discharge _____

**FORM#: 9297**
**REVISED: 8/2005**

(OVER)

EMPLOYMENT HISTORY:  (List last employer first)

| DATES OF EMPLOYMENT | EMPLOYER'S NAME & ADDRESS |
|---|---|
| From: 7/04   To: 6/05 | NASSAU UNIVERSITY MEDICAL CENTER 2201 HEMPSTEAD TPKE, NY 11554 |

| FINAL SALARY | JOB TITLE | REASON FOR LEAVING |
|---|---|---|
| $49000/YR | SURGICAL RESIDENT | NO CONTRACT |

DESCRIPTION OF DUTIES   SENIOR SURGICAL RESIDENT

| SUPERVISOR'S NAME | JOB TITLE | TELEPHONE |
|---|---|---|
| DR. ANGUS | CHAIRMAN | 516 572 6703 |

| DATES OF EMPLOYMENT | EMPLOYER'S NAME & ADDRESS |
|---|---|
| From: 7/03   To: 6/04 | QUEEN'S HOSPITAL CENTER, JAMAICA, NY |

| FINAL SALARY | JOB TITLE | REASON FOR LEAVING |
|---|---|---|
| $55,000 | SURGICAL HOUSE STAFF | END OF SVC YEAR |

DESCRIPTION OF DUTIES:  COVERING SURGICAL HOUSE OFFICER FOR HOSPITAL

| SUPERVISOR'S NAME | JOB TITLE | TELEPHONE |
|---|---|---|
| DR. MOREL | DIRECTOR, SURG. EPUB | 718 883 4640 |

| DATES OF EMPLOYMENT | EMPLOYER'S NAME & ADDRESS |
|---|---|
| From: 7/02   To: 6/03 | ST. RAPHAEL'S HOSPITAL NEW HAVEN, CT |

| FINAL SALARY | JOB TITLE | REASON FOR LEAVING |
|---|---|---|
| $48000 | SURGICAL RESIDENT | NO CONTRACT |

DESCRIPTION OF DUTIES:  JUNIOR SURGICAL RESIDENT

| SUPERVISOR'S NAME | JOB TITLE | TELEPHONE |
|---|---|---|
| DR. CIARDELLO | DIRECTOR | |

**RECORD OF EDUCATION**

| LEVEL | NAME | LOCATION | COURSE/DEGREE |
|---|---|---|---|
| HIGH SCHOOL | NIKE GRAMMER | ENUGU- NIGERIA | GCE |
| COLLEGE | GA STATE UNIV. | ATLANTA, GA | B.S. |
| GRADUATE OR (1) OTHER SCHOOL (2) | MOREHOUSE SCH. MEDICINE | ATLANTA, GA | M.D |

List below all licenses and permits that pertain to this application for employment

| TYPE OF LICENSE OR PERMIT | STATE ISSUED | NUMBER | EXPIRATION DATE |
|---|---|---|---|
| MEDICAL | NY | 232214 | 11/6 |

DESCRIBE EFFORTS THAT YOU HAVE RECENTLY MADE TO FIND A POSITION

I hereby certify that the facts set forth in the above employment application are true and complete to the best of my knowledge.  I understand that if employed, falsified statements on this application shall be considered sufficient cause for dismissal.  I understand that my employment is subject to satisfactory completion of an employee health examination positive references and criminal background check if unlicensed direct care giver for nursing home.  I further certify that I have never been sanctioned by Medicare, Medicaid or found guilty of Medicare, Medicaid fraud or any other Federal Health Care Program and that no such charge is pending.

Signature of Applicant: _____   Date: 9/1/05

FOR DEPARTMENT USE ONLY

| | |
|---|---|
| PER DIEM MOONLIGHTER | Human Resources Use Only |
| SALARY: $55.00/HR | ☐ 1 |
| HRS: VARIABLE | ☐ 2 |
| NO BENEFITS | ☐ 3 |
| T/O#: ____/____/____ Grade ____ | ☐ 4 |