UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DR. UGO ALEXIS IREH, M.D.,

Plaintiff,

- against -

NASSAU UNIVERSITY MEDICAL CENTER and
NASSAU HEALTH CARE CORPORATION,

Defendants.

06 Civ. 0009

(LDW) (AKT)

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants Nassau University Medical Center ("NUMC") and Nassau Health Care

Corporation ("NHCC") (collectively, "Defendants"), by their attorneys, respectfully request that

the attached instructions be given by the Court to the jury after trial.  Defendants reserve the right

to submit amended or supplemental requests prior to the close of the evidence.

Dated:    November 17, 2008

**NIXON PEABODY LLP**
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
*Attorneys for Defendants*

Of Counsel:

   Christopher G. Gegwich, Esq.
   Christopher J. Porzio, Esq.
   Daphne Vlcek, Esq.

**REQUEST NO. 1:**            **Statutes Involved[1]**

The Plaintiff's lawsuit involves several separate causes of action involving four different statutes. All of the Plaintiff's causes of action are based on either the circumstances surrounding his allegation of being denied advancement to the fifth year of the surgical residency program based on his race, color and/or national origin or on the circumstances surrounding the Plaintiff's hold-over tenancy in, and vacating of, an apartment owned by Defendants for use by students and residents following the end of the Plaintiff's leasehold in that apartment. In a few moments, I will give you a separate instruction for each cause of action. Right now, I am going to review each of the five causes of action.

First, Plaintiff alleges that the Defendants' actions and decisions in this case violated Title VII of the Civil Rights Act of 1964 ("Title VII"). Under Title VII, it is unlawful for an employer to deny an employee a promotion he otherwise deserves because of his race, color or national origin. The basis of this cause of action is Plaintiff's allegation that the Defendants, as his employer, violated Title VII by denying him a promotion to the fifth year of the surgical residency program because of his race, color and/or national origin.

The Defendants have denied this claim.

It is your responsibility to decide whether Plaintiff has proven his Title VII claim against the Defendants. Plaintiff has the burden of proving his claim by a preponderance of the evidence.

Second, Plaintiff alleges that the Defendants violated Section 1983 of Title 42 of the United States Code. Section 1983 is the law that provides a remedy for individuals who have been

---

[1]    42 U.S.C. §2000e-2; 42 U.S.C. §1983; Section 296 of the New York State Human Rights Law.

deprived of their constitutional rights under color of state law.  Plaintiff alleges that the Defendants

violated his constitutional right to equal protection under the law by denying him a promotion to the

fifth year of the surgical residency program based on his race, color and/or national origin.  Equal

protection under the law is guaranteed by the Fourteenth Amendment to the United States

Constitution.

        The Defendants have denied this claim.

        It is your responsibility to decide whether Plaintiff has proven his Section 1983

claim against the Defendants.  Plaintiff has the burden of proving his claim by a preponderance

of the evidence.

        Third, Plaintiff alleges that Defendants' actions violated 42 U.S.C. Section 1981

("Section 1981").  Section 1981 provides for equal rights under the law and provides a remedy for

persons who are subjected to intentional racial discrimination, whether it be under color of state law,

or purely private conduct.  Section 1981 makes it unlawful for an employer to deny a Plaintiff a

promotion which he deserves on the basis of race.  The basis of this claim is Plaintiff's allegation

that Defendants violated Section 1981 by denying him promotion to the fifth year of the surgical

residency program based on his race.

        The Defendants have denied this claim.

        It is your responsibility to decide whether Plaintiff has proven his Section 1981

claim against the Defendants.  Plaintiff has the burden of proving his claim by a preponderance

of the evidence.

        Fourth, Plaintiff alleges that the Defendants' actions and decisions in this case

violated the New York State Human Rights Law.  Under the New York State Human Rights Law, it

is unlawful for an employer to deny an employee a promotion he otherwise deserves because of his

11175823                    - 3 -

race, color and/or national origin.  The basis of this cause of action is Plaintiff's allegation that the Defendants, as his employer, violated the New York State Human Rights Law by denying him a promotion to the fifth year of the surgical residency program because of his race, color and/or national origin.

The Defendants have denied this claim.

It is your responsibility to decide whether Plaintiff has proven his New York State Human Rights Law claim against the Defendants.  Plaintiff has the burden of proving his claim by a preponderance of the evidence.

Fifth, Plaintiff alleges that he was deprived of property without procedural due process in connection with Defendants' decision not to promote him to the fifth-year of its general surgery residency program after he completed the fourth-year of that program.  Plaintiff's claim in this regard is pursuant to the Fourteenth Amendment to the United States Constitution, and Section 1983 of Title 42 of the United States Code.

The Defendants have denied this claim.

It is your responsibility to decide whether Plaintiff has proven his procedural due process claim against the Defendants.  Plaintiff has the burden of proving his claim by a preponderance of the evidence.

Finally, Plaintiff alleges that Defendants retaliated against him in violation of Title VII and Section 1981 by seeking to evict him from an apartment owned by Defendants for use by students and residents after his tenancy under his lease ended.  These statutes prohibit retaliation against an employee for having engaged in a statutorily protected activity.

The basis of this claim is Plaintiff's allegation that Defendants commenced the eviction process by service of a 30-day notice to terminate Plaintiff's tenancy on November 30, 2005

in retaliation for Plaintiff's filing a charge of discrimination with the Equal Employment

Opportunity Commission on November 18, 2005.

      The Defendants have denied this claim.

      It is your responsibility to decide whether Plaintiff has proven his retaliation claim by

a preponderance of the evidence.


[Given _____; Not Given _____; Given in Substance _____]

**REQUEST NO. 2:**         **Legitimate Non-discriminatory and Non-Retaliatory Reasons**

During the course of the trial, the Defendants offered legitimate, nondiscriminatory reasons to explain why Plaintiff was not promoted to the fifth year of the general surgery residency program and why Plaintiff was evicted from an apartment owned by Defendants for use by students and residents after his tenancy under his lease ended.  A legitimate, nondiscriminatory reason is any reason given by the Defendants unrelated to Plaintiff's race, color and/or national origin or unrelated to retaliation for engaging in protected activity.  It is not against the law for an employer to deny a promotion to an employee who is of a particular race, color and/or national origin if the reason for doing so is unrelated to the employee's race, color and/or national origin.  It is also not against the law for a landlord to evict a tenant from an apartment if the reason for doing so is unrelated to fact that the tenant engaged in statutorily protected activity.  Therefore, the fact that the Plaintiff is an African-American, brown-skinned and Nigerian or made a complaint of discrimination, for example, is not itself evidence of discrimination or retaliation.

In this case, Defendants contend that Plaintiff was not advanced to the fifth year of the general surgery residency program because Plaintiff's performance, both academically and clinically, was inadequate.  Specifically, the surgical faculty determined that Plaintiff lacked the knowledge, skill, judgment and independence required to be promoted to the fifth, or Chief, year of the surgical residency program.  In addition, Defendants contend that Plaintiff was evicted from his apartment because his lease had expired and he had no legitimate right to continue to reside in the apartment.

With respect to the legitimate, nondiscriminatory reasons for denying Plaintiff a promotion to the fifth year of the general surgery residency program or evicting him from his

apartment, you are not being asked whether such reasons are fair or wise.  You may not second guess the Defendants' decisions or substitute your opinion or judgment for Defendant's academic, medical and professional judgment.

Although the Defendants offered legitimate, nondiscriminatory reasons for denying Plaintiff a promotion and his eviction, you must always bear in mind that the Defendants do not have to prove to you that they denied Plaintiff the promotion or evicted him for those reasons.  Remember, in this case, the burden of persuading you that the Defendants intentionally discriminated against Plaintiff because of his race, color and/or national origin or intentionally retaliated against him remains at all times with the Plaintiff.  Defendants do not have the burden of proving that it did not discriminate or retaliate.

Therefore, if you do not find that Plaintiff's race, color or national origin was the reason that that he was denied a promotion, your verdict must be for Defendants, even if you disbelieve or disagree with the reasons asserted by Defendants for their decision.  In other words, if you find that neither Plaintiff's race, color or national origin nor his poor clinical and academic performance led to Defendants' not to promote his to a fifth year position, but he was not promoted for some other reason, Plaintiff has failed to meet his burden of proof and you must find for Defendants.

Similarly, if you do not find that Plaintiff was evicted from the residence because he made a complaint of discrimination, your verdict must be for Defendants, even if you disbelieve or disagree with the reasons asserted by Defendants for Plaintiff's eviction.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITY

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Fisher v. Vassar College, 114 F.3d 1332 (2nd Cir. 1997), cert. denied, 118 S. Ct. 851 (1998); Cabrera v. Jakabovitz, 24 F.3d 372 (2nd Cir. 1994), cert. denied, 513 U.S. 876 (1994).

**REQUEST NO. 3:**     **Employer's Business Judgment**

You may not find for Plaintiff merely because you disagree with Defendants' decision not to promote him or because you think the decision was unfair, overly harsh, unwise, unsound, mistaken, or ill-advised. The laws prohibiting discrimination are not a shield against all harsh or unfair treatment in the workplace. In addition, these laws do not require the employer to have good cause for its decisions. It is not your role to second-guess Defendants' business judgment or to substitute your opinion for Defendants' opinion concerning what would have been an appropriate decision regarding the continuation of Plaintiff's employment. The only issue for you to determine is whether Defendants' decision was motivated by discrimination because of Plaintiff's race, color or national origin. Defendants were entitled to make any decision about Plaintiff's employment it saw fit, as long as the decision was not motivated by discrimination.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Fisher v. Vassar College, 114 F.3d 1332 (2nd Cir. 1997), cert. denied, 118 S. Ct. 851 (1998); Cabrera v. Jakabovitz, 24 F.3d 372 (2nd Cir. 1994), cert. denied, 513 U.S. 876 (1994).

**REQUEST NO. 4:**          **Intent**

I instruct you that, to establish each of his claims, the Plaintiff must show that the Defendants acted intentionally. If you find that the acts of the Defendants were merely negligent, then, even if you find that the Plaintiff was injured as a result of those acts, you must return a verdict for the Defendants.

An act is intentional if it is done knowingly; that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the Defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AUTHORITY**

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Fisher v. Vassar College, 114 F.3d 1332 (2nd Cir. 1997), cert. denied, __ U.S. __, 118 S. Ct. 851 (1998); Cabrera v. Jakabovitz, 24 F.3d 372 (2nd Cir. 1994), cert. denied, 513 U.S. 876 (1994); Collins v. New York City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002); Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Hagelthorn v. Kennecott Corp., 710 F.2d 76, 82 (2d Cir. 1983).

**REQUEST NO. 5:**         **Title VII and New York State Human Rights Law Instructions**

As I stated earlier, Plaintiff asserts that Defendants violated Title VII and the New York State Human Rights Law by failing to promote him to the fifth year of the surgical residency program because of his race, color and/or national origin.  Defendants are prohibited by Title VII and the New York State Human Rights Law from discriminating against Plaintiff on those bases.

To prevail on his Title VII and New York State Human Rights Law claim against the Defendants, Plaintiff must prove by a preponderance of the evidence that Defendants intentionally discriminated against him because of his race, color and/or national origin by not promoting him to the fifth year of the surgical residency program.  The outcome of these claims will be determined by your answer to this question.

If you find from your consideration of all the evidence that Plaintiff has proved this proposition by a preponderance of the evidence, then you will find for the Plaintiff.  However, if you believe the Defendants' legitimate, nondiscriminatory reasons for not promoting Plaintiff, you must find for the Defendants on Plaintiff's Title VII and New York State Human Rights Law claims.

If you do not believe the legitimate, nondiscriminatory reasons offered by the Defendants, you may find for Plaintiff only if he has proven by a preponderance of the evidence that he was not promoted to the fifth year of the surgical residency program because of race, color and/or national origin.  Disbelieving the Defendants is not enough alone to find for Plaintiff.  This is because Plaintiff can only prevail if he proves by a preponderance of the evidence that he was not promoted to the fifth year of the surgical residency program because of his race, color and/or national origin.  If Plaintiff does not prove any one or all of his claims by a

preponderance of the evidence, then you must reach a verdict for Defendants on any such claim or claims.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133 (2000);  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742 (1993); Fisher v. Vassar College, 114 F.3d 1332 (2nd Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 851 (1998); Cabrera v. Jakabovitz, 24 F.3d 372 (2nd Cir. 1994), cert. denied, 513 U.S. 876 (1994);  Collins v. New York City Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002);  Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Hagelthorn v. Kennecott Corp., 710 F.2d 76, 82 (2d Cir. 1983).

**REQUEST NO. 6:**          **Section 1981 Instruction**

As I stated earlier, Plaintiff asserts that Defendants violated Section 1981 by failing to promote him to the fifth year of the surgical residency program because of his race, color, or national origin.  Defendants are prohibited by Section 1981 from discriminating against Plaintiff on this basis.

To prevail on his Section 1981 claim against the Defendants, Plaintiff must prove by a preponderance of the evidence that Defendants intentionally discriminated against him because of his race, color, or national origin by not promoting him to the fifth year of the surgical residency program.  The outcome of these claims will be determined by your answer to this question.

If you find from your consideration of all the evidence that Plaintiff has proved this proposition by a preponderance of the evidence, then you will find for the Plaintiff.  However, if you believe the Defendants' legitimate, nondiscriminatory reasons for not promoting Plaintiff, you must find for the Defendants on Plaintiff's Section 1981 claim.

If you do not believe the legitimate, nondiscriminatory reasons offered by the Defendants, you may find for Plaintiff only if he has proven by a preponderance of the evidence that he was not promoted to the fifth year of the surgical residency program because of race, color and/or national origin.  However, disbelieving the Defendants is not enough alone to find for Plaintiff.  This is because Plaintiff can only prevail if he proves by a preponderance of the evidence that he was not promoted to the fifth year of the surgical residency program because of his race, color and/or national origin.  If Plaintiff does not prove any one or all of his claims by a preponderance of the evidence, then you must reach a verdict for Defendants on any such claim or claims.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

<u>Patterson v. County of Oneida</u>, 375 F.3d 206, 224-225 (2d Cir. 2004);  <u>Grillo v. New York City Transit Authority</u>, 291 F.3d 231, 233-35 (2d Cir. 2002);  <u>Whidbee v. Garzarelli Food Specialties, Inc.</u>, 223 F.3d 62, 68-69 (2d Cir. 2000).

**REQUEST NO. 7:**           **Section 1983 Instruction – Municipal Liability**

As I instructed you before, Plaintiff has alleged that the Defendants have violated his

constitutional rights by denying him a promotion to the fifth year of the general surgery residency

program in March 2005 based on his race, color and/or national origin in violation of Section 1983

of Title 42 of the United States Code, which reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any state, subjects any citizen of the United States to the deprivation of
> any rights, privileges, or immunities secured by the Constitution and law, shall be
> liable to the party injured in an action at law.

To prevail on his Section 1983 claim against the Defendants, Plaintiff must prove by

a preponderance of the evidence that (1) the Defendants acted under color of state law; and (2) as a

result of the Defendant's actions, the Plaintiff suffered a denial of his federal statutory rights, or his

constitutional rights or privileges.  The Equal Protection Clause of the Fourteenth Amendment

prohibits discrimination against public employees on the basis of race, color and/or national origin.

An employee is denied his equal protection right to be free from this form of discrimination when he

is treated differently from other similarly situated employees who are of different race, color and/or

national origin than Plaintiff, thus suffering disparate treatment because of race, color and/or

national origin.

The first element of Plaintiff's Section 1983 claims is that the defendant acted under

color of state law. The phrase "under color of state law" is a shorthand reference to the words of

Section 1983, which includes within its scope action taken under color of any statute, ordinance,

regulation, custom or usage, of any state.  The term "state" encompasses any political subdivision of

a state, such as a county or city, and also any state agencies or a county or city agency.

11175823                                      - 15 -

In this case, it is not disputed that the actions of the Defendants were taken under color of state law, and you can therefore find that the Defendants were acting under color of law within the meaning of Section 1983.

If you determine that Plaintiff has proven by a preponderance of the evidence that he was denied a promotion to the fifth year of the general surgery residency program on the basis of race, color and/or national origin in violation of Title VII, you may infer that his constitutional right to equal protection has also been violated. However, before you find the Defendants liable under Section 1983, you must first take into account special Section 1983 instructions that I will read to you in a moment. This is because the Defendants may not be liable under Section 1983 even if you conclude that Plaintiff was denied a promotion to the fifth year of the general surgery residency program based on race, color and/or national origin in violation of his constitutional rights.

I further instruct you that the fact that an employee, or several employees, of the Defendants may have deprived Plaintiff of a constitutional right is not alone a sufficient basis for holding the Defendants liable to Plaintiff pursuant to Section 1983. This is because the Defendants here are municipal or governmental entities, in this case, public benefit corporations. Before you can hold the Defendants liable, Plaintiff must establish by a preponderance of the evidence that the actions of the individual employees which deprived him of his constitutional rights were the result of an official policy of Nassau University Medical Center or Nassau Health Care Corporation, or a custom of Nassau University Medical Center or Nassau Health Care Corporation, even though such a custom or policy may have not received formal approval through Defendants' official channels. Thus, before you can hold the Defendants liable, you must be convinced that the acts which are alleged to have deprived Plaintiff of his constitutional rights were authorized, sanctioned or ordered by the Defendants in accordance with an official policy or custom. An "official policy" means:

1. a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;

2. a policy statement or decision that is officially made by the public benefit corporation's lawmaking officer or policy-making official;

3. a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the public benefit corporation; or

4. an act or omission ratified by the public benefit corporation's lawmaking officer or policy-making official.

Plaintiff contends that Defendants maintain a policy and/or custom of denying non-Caucasian males positions as fifth-year surgical residents, and that Defendants subject non-Caucasian males of brown-skin color to conditions of employment different than those imposed on all others, so as to continue to preserve a policy and custom of limiting their employment and earnings opportunities because of race, color and national origin in violation of Section 1983.

The Defendants deny these contentions, and contend that no such policy or custom is maintained by Defendants.  Defendants contend that their decision not to offer Plaintiff a position as a fifth year surgical resident was based on the specific determination of Nassau University Medical Center's surgical faculty that Plaintiff's performance, both academically and clinically, was inadequate, and that it was not the product or result of any discriminatory policy or custom. Specifically, Defendants contend that the Surgical Faculty determined that Plaintiff lacked the knowledge, skill, judgment and independence required to be promoted to the fifth year, or Chief Resident, of the surgical residency program.

If you find that Plaintiff has not proven by a preponderance of the evidence that Defendants, acting under color of state law, and pursuant to a policy or custom of denying non-Caucasian males positions as fifth-year surgical residents, denied Plaintiff a promotion to the fifth year of the surgical residency program in March 2005 based on his race, color or national origin,

then you must find for Defendants. Whether a custom or policy exists is a question of fact for you, as the jury, to determine. However, the existence of a policy, practice or custom may not be inferred based on one isolated case or instance. If you find that Plaintiff has failed to prove by a preponderance of evidence that Defendants maintained a policy of limiting the employment opportunities of non-Caucasian males of brown skin color, even if you find that Defendants violated Plaintiff's constitutional rights, you must find for Defendants on Plaintiff's Section 1983 claim.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITY

MFJI ¶87.03, Instruction 87-81; FJPI §103.11 (1998 Supp.); City of St. Louis v. Praprotnik, 479 U.S. 1047, 107 S. Ct. 915 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292 (1986); Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978); On the applicability of Title VII instructions to §1983 claims, see, St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 n. 1, 113 S. Ct. 2742 (1993); Annis v. County of Westchester, 136 F.3d 239 (2nd Cir. 1998); Kao v. Scherl, 1989 U.S. Dist. LEXIS 3059, *19-21 (E.D.N.Y. March 20, 1989); Eagleston v. Guido, 41 F.3d 865, 872 (2d Cir. 1994); Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L.Ed.2d 677 (1986); O'Malley, et al., Federal Jury Practice and Instructions (5th ed.) at § 168.181.

**REQUEST NO. 8:**          **Membership In Protected Class Insufficient**

Plaintiff cannot meet his burden of proving discrimination by a preponderance of the evidence simply by showing his race, color and national origin and that he was subjected to an adverse employment action.  Thus, if you find that the only credible evidence that Plaintiff has submitted is (a) that he is Black and of Nigerian descent, and (2) the fact that he was not promoted to the fifth year of the general surgery residency program, you must find for Defendants.  You must remain focused on the fact that it is Plaintiff's burden to convince you, by a preponderance of the evidence, that his race, color or national origin was a motivating factor in Defendants' decision not to promote him to the fifth year of the general surgery residency program.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AUTHORITY**

Berhanu v. N.Y. State Ins. Fund, 1999 U.S. Dist. LEXIS 15548 (S.D.N.Y. Sept. 28, 1999), aff'd, 2001 U.S. Dist. LEXIS 13755 (2d Cir. June 18, 2001);  Johnson v. Rueben H. Donnelly Corp., 1997 U.S. Dist. LEXIS 13972 (S.D.N.Y. Sept. 16, 1997);  Richardson v. Newburgh Enlarged City Sch. Dist., 984 F. Supp. 735 (S.D.N.Y. 1997).

**REQUEST NO. 9:**     **Plaintiff's Subjective Belief Insufficient**

Plaintiff's own subjective belief that he was discriminated against is not sufficient to meet his burden of proof of discrimination. Nor is sympathy for the Plaintiff a proper consideration in analyzing Plaintiff's claims. The burden in this case is always on Plaintiff affirmatively and ultimately to prove by a preponderance of the credible evidence that Defendants intentionally discriminated against him because of his race, color or national origin. If Plaintiff fails to meet this burden, you must find in favor of Defendants.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

Coleman v. Bd. Of Educ., 2002 U.S. Dist. LEXIS 619 (S.D.N.Y. Jan. 16, 2002); Williams v. The Salvation Army, 108 F. Supp. 2d 303 (S.D.N.Y. 2000); Gronne v. Apple Bank for Savings, 2000 U.S. Dist. LEXIS 3546 (E.D.N.Y. Feb. 14, 2000); Berhanu v. N.Y. State Ins. Fund, 1999 U.S. Dist. LEXIS 15548 (S.D.N.Y. Sept. 28, 1999), aff'd, 2001 U.S. Dist. LEXIS 13755 (2d Cir. June 18, 2001).

**REQUEST NO. 10:**          **Retaliation Pursuant to Title VII and Section 1981**

Plaintiff also claims that he was subjected to retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission.  Title VII and Section 1981 prohibit retaliation and prohibit an employer from taking adverse employment actions against an employee because he has opposed a practice that Title VII or Section 1981 forbids, or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing, including but not limited to relating to a complaint made to the Equal Employment Opportunity Commission.  Plaintiff alleges that Defendants violated Title VII and Section 1981 by seeking to evict him from resident-only housing in retaliation for his November 18, 2005 complaint to the Equal Employment Opportunity Commission, in which he alleged discrimination on the basis of race, color and/or national origin.

To succeed on a claim for unlawful retaliation, Plaintiff must prove the following by a preponderance of the evidence:

    (1)   He engaged in statutorily protected activity;

    (2)   The Defendants were aware of Plaintiff's protected activity;

    (3)   He was subjected to an adverse employment action; and

    (4)   There is a causal connection between Plaintiff's protected activity and the adverse employment action.

An adverse employment action is any employer action that a reasonable employee would have found materially adverse.  That is, the adverse employment action must be harmful to the point that it could well dissuade a reasonable employee from making or supporting a charge of discrimination.

To find for Plaintiff on his claim of retaliation, you must conclude that on November 30, 2005 Defendants served Plaintiff with a "30-Day Notice" to terminate, requiring

11175823                                    - 21 -

that he vacate the apartment he was then occupying beyond the term of his written lease or face summary eviction proceedings, because of the Charge of Discrimination he filed with the EEOC on or about November 18, 2005.  At a minimum, there must be competent evidence that Defendants knew of Plaintiff's protected activity and that a retaliatory motive played a part in the adverse employment action alleged.

In the event that you determine that Plaintiff was subjected to an adverse employment action, Defendants will avoid liability if they prove that they had legitimate, non-retaliatory reasons for the action taken against Plaintiff.  In other words, Defendants will avoid liability if they prove that they would have taken the same action even if Plaintiff had not filed a Charge of Discrimination with the EEOC.  Such a finding acts as a complete bar to Plaintiff's retaliation claim.

Defendants deny Plaintiff's allegations of retaliation, and contend that since Plaintiff was no longer an employee of NUMC and a resident in the surgical residency program, he no longer had any right to remain in his subsidized on-campus housing following the termination of his one-year Letter of Agreement on June 30, 2005, and that Defendants' sought to evict Plaintiff from the apartment because his lease expired, his entitlement to housing ended when his employment ended as of June 30, 2005 and because the on-campus, subsidized apartment needed to be provided to then-current residents.  Defendants contend that the decision to pursue evicting Plaintiff was made prior to Plaintiff's filing of the EEOC charge on November 18, 2005, and have presented evidence that Plaintiff was served with a 30-Day Notice prior to his filing of the EEOC charge.

In deciding whether Defendants retaliated against Plaintiff, keep in mind that the issue before you is not whether Defendant's actions were fair or unfair, kind or unkind, wise or

unwise, rational or irrational.  In other words, as instructed earlier, you should not focus on the

soundness of the Defendant's judgment.  It is not unlawful to exercise poor judgment so long as

that judgment was not motivated by an intent to retaliate.

You must also not allow your own beliefs or feelings concerning the fairness or

correctness of Defendants' actions to enter into your decision.  You are not to decide what you,

as an employer, would have done under the same circumstances, or whether you approve of the

Defendants' decisions as they related to Plaintiff.  Your task is not to judge whether Defendants'

decisions, if any, were right or wrong or whether they should have gone about making decisions

in another way, but only whether any such decisions were improperly motivated by retaliation.

If you find that Plaintiff has not established each of the four elements I read to

you earlier by a preponderance of evidence, then you must find for Defendant on the retaliation

claim.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

Federal Employment Jury Instructions § 3:50;  Burlington Norther & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2409 (2006);  Matima v. Celli, 228 F.3d 68, 81 (2nd Cir. 2000);  Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996), cert. denied, 117 S. Ct. 1819 (1997); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996);  Gordon v. New York City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000);  Quinn v. Green Tree Credit Corp., 159 F.3d 759, 768-69 (2d Cir. 1998);  Lieberman v. Gant, 630 F.2d 60, 65 (2d Cir. 1980);  Powell v. Syracuse University, 580 F.2d 1150, 1157 (2d Cir.), cert. denied, 439 U.S. 984, 99 S. Ct. 576, 58 L. Ed. 2d 656 (1978).

**REQUEST NO. 11:**          **Procedural Due Process: Elements of the Claim**

Plaintiff also alleges that he was deprived of property without procedural due process in connection with NUMC's decision not to promote him to the fifth-year of its general surgery residency program.  Plaintiff's claim in this regard is pursuant to the Fourteenth Amendment to the United States Constitution, and Section 1983 of Title 42 of the United States Code.  In order to prove this claim, the burden is upon the Plaintiff to establish by a preponderance of the evidence that, (1) as the result of conduct performed under color of state law, (2) the Plaintiff was deprived of life, liberty or property, (3) without due process of law.

The Plaintiff has the burden of proving each and every element of his Section 1983 Procedural Due Process claim by a preponderance of the evidence. If you find that any one of the elements of Plaintiff's procedural due process claim has not been proven by a preponderance of the evidence, you must return a verdict for Defendants on this claim.

Defendants do not dispute that the actions of which Plaintiff complains were taken under color of state law, and therefore you may consider this first element established for the purpose of assessing Plaintiff's procedural due process claim.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITY

Gomez v. Toledo, 446 US 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980);  Parratt v. Taylor, 451 US 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981);  Bedoya v. Coughlin, 91 F.3d 349, 351 (2d Cir. 1996);  Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001);  Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970);  Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961);  Screws v. United States, 325 U.S. 91, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945);  United States v. Classic, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1361 (1941);  Hague v. C.I. Co., 307 U.S. 496, 59 S. Ct. 954, 83 L. Ed. 1423 (1939);  Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S. Ct. 312, 57 L. Ed. 510 (1913);  Ex parte Virginia, 100 U.S. 339, 25 L. Ed. 676 (1880).

**REQUEST NO. 12:**          **Procedural Due Process: Deprivation of Right**

The second element of Plaintiff's Due Process claim is that he was deprived of a constitutionally protected right, either life, liberty or property, by the Defendants.  In order for Plaintiff to establish the second element, he must show, by a preponderance of the evidence, that he possessed a protectable property interest of which he was deprived.  In this case, in order to have a property interest that is  protectable under the Due Process clause, a person must have a legitimate claim of entitlement to it; an abstract need, desire, or unilateral expectation is not enough.  In the employment context, a property interest requires more than a Plaintiff's mere subjective expectancy of continued employment.

Plaintiff contends that the property interest of which he was deprived was his alleged property interest in being promoted to the fifth year of the general surgery residency program.

The Defendants deny Plaintiff's contention that he had a legitimate claim of entitlement to promotion to the fifth year of the surgical residency program.  The Defendants contend that Plaintiff had no entitlement to a promotion to the fifth year of the surgical residency program, because Plaintiff's one-year Letter of Agreement for his fourth year did not contain an automatic right to renewal for the subsequent year, and conditioned reappointment on Plaintiff's performance and vested sole discretion over all promotion decisions in the Program Director and/or Department Director.

If you find that Plaintiff has failed to establish that he had an entitlement to a promotion to the fifth year of the surgical residency program, then you must find for Defendants on this claim.  However, even if you find that Plaintiff had an entitlement to a promotion to the fifth year of the surgical residency program, you still must determine whether Plaintiff was

denied adequate procedural protections, the third and final element of his procedural due process claim.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

Gomez v. Toledo, 446 US 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980);  Parratt v. Taylor, 451 US 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981);  Bedoya v. Coughlin, 91 F.3d 349, 351 (2d Cir. 1996);  Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002);  Damino v. O'Neill, 702 F. Supp. 949, 952 (E.D.N.Y. 1987);  McMenemy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001);  Jannsen v. Condo, 101 F.3d 14, 16 (2d Cir. 1996);  Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002);  Finley v. Giacobbe, 79 F.3d 1285, 1296 (2d Cir. 1996);  Perry v. Sinderman, 408 U.S. 593, 602-03 (1972).

**REQUEST NO. 13:**         **Procedural Due Process: Adequacy of Procedural Protections**

If you determine that Plaintiff had a protectable property interest in being promoted to the fifth year of the general surgery residency program, you must then consider whether Plaintiff received the procedural protections to which he was entitled following the decision not to promote him.  The law requires that a person who has lost a protectable property interest as the result of a random unauthorized action of a state actor, which is the allegation here, be given notice of the case against him and opportunity to meet it.  In assessing the adequacy of the procedural protections provided, you are to consider 1) the interests of the parties, 2) the risk of erroneous deprivation through the procedures used, and 3) the value of additional procedural safeguards.

Plaintiff alleges that Defendants violated his right to due process by denying Plaintiff a promotion to the fifth year of the general surgery residency program, and by failing to follow NUMC policies when responding to Plaintiff's grievance of Defendants' decision not to promote Plaintiff to the fifth year of the general surgery residency program.

Defendants deny these allegations.  Defendants contend that Plaintiff received adequate procedural protections by virtue of the fact that he was permitted to, and did, file a grievance pursuant to NUMC policy, which was thoroughly considered by an ad hoc committee. Plaintiff was provided an opportunity to, and did, present evidence and testimony to the ad hoc committee, and the written decision of the ad hoc committee was considered and upheld by the Graduate Medical Education Committee.  Defendants contend that the procedures used by NUMC provided a measure of protection against the erroneous deprivation of property, and it is unlikely that additional process would provide any benefit to Plaintiff.

If you find that the procedural protections provided to Plaintiff adequately protected his interest, then you are to find for Defendants.  However, even if you find that the procedural protections provided to Plaintiff did not adequately protect his interest, then you must consider whether the availability of post-deprivation state court judicial remedies adequately protected his interest.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITY

Gomez v. Toledo, 446 US 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980);  Parratt v. Taylor, 451 US 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981);  Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976);  United States v. Abuhamra, 389 F.3d 309, 328 (2d Cir. 2004); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 171, 71 S. Ct. 624, 95 L. Ed. 817 (1951) (Frankfurter, J., concurring);  Marshall v. Jerrico, Inc., 446 U.S. 238, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (U.S. 1980);  Spinelli v. City of New York, 2007 U.S. Dist. LEXIS 19745 (S.D.N.Y. Mar. 12, 2007).

**Request No. 14:**         **Post-Deprivation Remedy**

   In order to find for Plaintiff on his procedural due process claim, you must also find that Plaintiff availed himself of all available post-deprivation remedies, and that these procedures did not provide him with adequate procedural protections.  In the context of procedural due process claims, there is no constitutional violation when there is an adequate postdeprivation procedure to remedy an alleged deprivation of a protectable property interest. You may not find for Plaintiff unless you determine that he availed himself of all available post-deprivation procedures, and that they did not provide due process.

   Defendants contend that Plaintiff was not deprived of procedural due process because of the availability of adequate post-deprivation remedies, and have presented evidence that Plaintiff took advantage of post-deprivation remedies available to him by filing multiple Article 78 proceedings in New York State Court challenging NUMC's decision not to promote him to the fifth year of the surgical residency program.  Defendants have also presented evidence that Plaintiff failed to take advantage of a state law judicial post-deprivation remedy available to him, namely, a proceeding pursuant to New York Public Health Law section 2801-c.

   If you find that adequate post-deprivation state law judicial remedies were available to Plaintiff, then you must determine if Plaintiff availed himself of these remedies.  If you find that Plaintiff did not avail himself of all available post-deprivation state law judicial remedies, then you must find for Defendants.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * * *

## AUTHORITY

Hellenic Am. Neighborhood Action Comm. v. The City of New York, 101 F.3d 877, 881 (2d Cir. 1996), citing Zinermon, 494 U.S. at 132,  Hudson v. Palmer, 468 U.S. 517, 532 (1984) and Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986);  Berhanu v. New York State Ins. Fund, 1999 U.S. Dist. LEXIS 15548, at *56 (S.D.N.Y. Sept. 28, 1999) (quoting Estes-El v. New York, 552 F. Supp. 885, 889 (S.D.N.Y. 1982)); Lawrence v. Antonucci, 144 Fed. Appx. 193, 193-94 (2d Cir. 2005), cert. denied, 547 U.S. 1070 (2006);  Chen v. City of New York, 51 Fed. Appx. 352, 354 (2d Cir. 2002);  Chaffer v. Bd. of Educ., 229 F. Supp. 2d 185, 189 (E.D.N.Y. 2002), aff'd, 75 Fed. Appx. 12 (2d Cir. N.Y. 2003).

**REQUEST NO. 15:**          **Damages Instructions**

You should not infer that Plaintiff is entitled to recover damages merely because I am about to instruct you on damages.  It is exclusively your function to decide upon liability.  I am instructing you on damages only so that you will have guidance should you decide that Plaintiff is entitled to recovery.  If Plaintiff has persuaded you by a preponderance of the evidence that Defendants discriminated or retaliated against him, or deprived him of a constitutional right under color of state law pursuant to a municipal policy or custom, then you must determine the damages to which Plaintiff is entitled.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AUTHORITY**

Adapted from Devitt & Blackmar, Federal Jury Practice and Instructions, 4th ed. § 74.02.

**REQUEST NO. 16:**          **Damages -- Reasonable -- Not Speculative**

The damages awarded to Plaintiff, if any, must be reasonable.  If you should find in favor of Plaintiff, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained as a proximate result of Defendants' discriminatory and/or retaliatory action.  You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AUTHORITY**

Devitt, Blackmar, & Wolff, <u>Federal Jury Practice and Instructions</u>, 4th Ed., §85.14.

**REQUEST NO. 17:**          **Damages – Conduct and Damages Separate and Distinct Issue**

Conduct and damages are separate and distinct issues. To award damages you must find that Defendants' conduct caused damages to Plaintiff. If Defendants' conduct is not the direct, proximate or legal cause of Plaintiff's damages, then no damages may be awarded.

Damages may be awarded only if you find that Defendants violated Plaintiff's rights and that their conduct causes some injury to Plaintiff.

Conduct by a defendant that does not cause the plaintiff harm does not entitle the plaintiff to damages. By the same token, harm to the Plaintiff which is not the result of unlawful conduct by Defendants, but instead is the result of conduct by Plaintiff or other third parties, does not entitle Plaintiff to damages for that harm.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

**AUTHORITY**

McBride, The Art of Instructions to the Jury; Prosser, on Torts, Proximate Cause; Manual of Model Jury Instructions for the Ninth Circuit, 1985 Ed.

**REQUEST NO. 18:**          **Damages – Proximate Cause**

Plaintiff must prove that Defendants' acts were a proximate cause of the injuries sustained by the Plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendant and any injury or damage sustained by the Plaintiff.  An act of omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the Defendants' act or omission, or if it was reasonably caused by such act or omission.  In other words, if Defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of Defendants. If you find that Defendants have proved, by a preponderance of the evidence, that Plaintiff complains about an injury which would have occurred even in the absence of Defendants' conduct, you must find that Defendants did not proximately cause Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if Plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITY

<u>Graham v. Western Line Consolidated School District</u>, 439 U.S. 410, 99 S. Ct. 693, 58 L.Ed.2d 619 (1979);  <u>Mt. Healthy City School Dist. Bd. of Ed. v. Doyle</u>, 429 U.S. 274, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977);  Devitt, Blackmar, & Wolff, <u>Federal Jury Practice and Instructions</u>, 4th Ed., §85.14.

**REQUEST NO. 19:**          **Measure of Damages -- Back Pay**

If you find that Plaintiff was not promoted to the fifth year of surgical residency program because of unlawful discrimination based on his race, color and/or national origin, then the Plaintiff is entitled to recover damages known as back pay.  Back pay consists of the wages and employee benefits Plaintiff would have earned from NUMC had he been offered a contract for the fifth-year of the surgical residency program in July, 2005 to the date that he would have completed the general surgery residency program or on or about July, 2006.

From this amount, you must subtract the total amount the Plaintiff has received during the same period in wages, earnings, severance pay, pension benefits, unemployment insurance, or other income or benefits from other employment, from government sources, or from NUMC.  These are referred to as interim earnings.  The interim period ends and damages for back pay cease to accrue once the employee obtains comparable or better paying employment. You also must subtract from the back pay amount any monies or benefits which the Plaintiff could have earned with reasonable diligence from other employers during this period. This is referred to as the duty to mitigate damages.  You should not subtract from the back pay any monies the Plaintiff received from his investments or from wages earned by a spouse.  That the Plaintiff received such income, however, can be used in determining whether or not he made reasonably diligent efforts to mitigate his damages.


[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITIES

29 U.S.C. §§ 626(b) and (c); Ford Motor Co. v. EEOC, 458 U.S. 219, 233-4 (1982); EEOC v. Enterprise Steam Fitters Local No. 638, 542 F.2d  579, 592 (2d Cir. 1976), cert. denied 430 U.S. 911 (1977); Hagelthorn v. Kennekott Corp., 710 F.2d 76, 86-7 (2d Cir. 1983); Stephens v. CIT Group/Equipment financing, Inc., 455 F.2d 1023 (5th Cir. 1992); Taddeo v. Ruggerio Farenja, Inc., 102 F. Supp. 2d 197 (S.D.N.Y. 2000); Nordquist v. Uddeholm Corp., 615 F.Supp. 1191 (D. Conn. 1985); Whittlesey v. Union Carbide Corp., 742 F.2d 724 (2d Cir. 1984); Meschino v. International Telephone & Telegraph Co., 661 F.Supp. 254 (S.D.N.Y. 1987).

**REQUEST NO. 20:**     **Measure of Damages -- Front Pay**

        If you find that Plaintiff was discriminated against based on his race, color, or national origin, then you must decide whether Plaintiff is also entitled to recover damages known as front pay. The New York Human Rights Law permits, in some circumstances, an award to compensate an individual for lost future wages and benefits from the date of trial forward. You may award a Plaintiff front pay only if he has proven by a preponderance of the evidence that:

        (1)     he has no reasonable prospect of obtaining comparable alternative employment, and;

        (2)     his future earnings, and the earnings from the program he likely would have earned if he had continued in NUMC's surgical residency program as a fifth year resident, graduated, passed the licensing examination given by the American Board of Surgery to become a Board-certified general surgeon and obtained employment as a general surgeon, do not involve undue speculation.

        You may only award front pay damages, if any, in an amount and for a time period that you determine was caused by Defendants' discriminatory actions. Front pay damages must be reasonably certain to occur in the future and may not be speculative in nature. In calculating any front pay award, you must necessarily determine the time period, or the number of years, for which you believe the Plaintiff is entitled to receive front pay because of discriminatory acts by Defendants.

        From the front pay amount, you must subtract the total amount the Plaintiff will be reasonably certain to receive during the same period, in wages, earnings, severance pay, pension benefits, or other income or benefits, from other employment, or from government sources. That is referred to as interim earnings. You also must subtract from the front pay

amount any monies or benefits which the Plaintiff could have earned with reasonable diligence from other employers during this period, that is earnings made if the Plaintiff had mitigated damages.

[Given _____; Not Given _____; Given in Substance _____]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AUTHORITIES

29 U.S.C. §§ 626(b) and (c); Sand, Modern Federal Jury Instructions, Instruction 88-38; Whittlesey v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1984); Bonura v Chase Manhattan Bank, 629 F. Supp. 353, 362 n.3 (S.D.N.Y.), aff'd, 795 F. 2d 276 (2d Cir. 1986); Woodling v Garrett Corp., 813 F. 2d 543, 558-9 (2d Cir. 1987); Dominic v Consolidated Edison Co., 822 F. 2d 1249, 1258 (2d Cir. 1987); Ford Motor Co. v. EEOC, 458 U.S. 219, 233-4 (1982); EEOC v. Enterprise Steam Fitters Local No. 638, 542 F.2d  579, 592 (2d Cir. 1976), cert. denied 430 U.S. 911 (1977); Hagelthorn v. Kennekott Corp., 710 F.2d 76, 86-7 (2d Cir. 1983).

**REQUEST NO. 21:**        **Duty to Mitigate – Back Pay and Front Pay**

As I stated, any back pay or front pay award must be reduced by any monies which the Plaintiff has or could have earned from other employment with reasonable diligence. Any person who claims he was terminated or not promoted due to unlawful discrimination is required to make a good faith effort to secure suitable, comparable employment following the loss of the employment opportunity at issue in order to lessen his injury. This is referred to as Plaintiff's duty to mitigate damages. The duty to mitigate requires an individual to seek comparable employment both within and outside the geographic area in which the individual lives. Plaintiff does not satisfy his duty to mitigate by seeking just another job. Rather, he must seek a substantially equivalent job. Thus, if you find that the Plaintiff:

(a)    failed to remain in the labor market, or

(b)    failed to use reasonable diligence to find suitable
       employment, or

(c)    refused to accept a job which was substantially equivalent
       to the one from which he was terminated,

then you must also deduct from any amount which you would otherwise award that amount of money the Plaintiff would have earned in such other employment, together with any related benefits he would have received.

Otherwise stated, Plaintiff is not entitled to recover damages for any period of time he was not in the job market, or for any period of time during which he had stopped seeking alternative employment with reasonable diligence, or for any period of time after refusing a substantially equivalent job. The Defendants need not show that suitable employment existed where an employee made no reasonable efforts to find it.

[Given _____; Not Given _____; Given in Substance _____]

* * * * * * * * * * * * * * *

## AUTHORITIES

29 U.S.C. §§ 626(b) and (c); Greenway v Buffalo Hilton Hotel, 143 F. 3d 47, 54 (2d Cir. 1998); Dominic v. Consolidated Edison Co., 822 F. 2d 1249, 1258 (2d Cir. 1987); Ford Motor Co. v. EEOC, 458 U.S. 219, 233-4 (1982); Cassino v. Reichhold Chemicals, 817 F.2d 1338 (9th Cir. 1987); Sellers v. Delgavo College, 902 F.2d 1189 (5th Cir.) cert. denied, 498 U.S. 987 (1990).